UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 2:18-cr-20035
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

BENEDICTO GALVEZ-GOMEZ,

    Defendant.

_____/

## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO MODIFY, CORRECT OR SET ASIDE JUDGMENT (ECF No. 35)

**I.    RECOMMENDATION**:  The Court should **DENY** Defendant's December 18, 2018 motion under 28 U.S.C. § 2255 to modify, correct or set aside judgment. (ECF No. 35.)

**II.   REPORT:**

    **A.    The Indictment and Sentencing Enhancement**

In a January 18, 2018 indictment, which was based upon a prior complaint, Defendant was charged with: (1) unlawful re-entry; and, (2) possession with intent to distribute a controlled substance − cocaine. (ECF Nos. 1, 11.)  Defendant was

originally represented by an attorney from the Federal Defender Office (FDO). (ECF Nos. 3, 5.)

On May 31, 2018, the Government filed a 21 U.S.C. § 851 sentencing enhancement information, explaining that in sentencing the United States would rely upon Defendant's 2009 conviction for possession with intent to distribute 100 kilograms or more of marijuana. (ECF No. 18.) Coupling the enhancement with Count II of the indictment, in this case "500 grams or more" of cocaine, Defendant was facing a possible sentence of 10 years minimum up to life imprisonment. 21 U.S.C. § 841(b)(1)(B)(ii)(II). On June 4, 2018, the Court granted Defendant's request for new counsel and ordered the FDO to obtain a panel attorney to represent Defendant in this matter. (ECF Nos. 19, 20.) Attorney Sanford Schulman entered an appearance the same day. (ECF No. 21.)

### B.     The Plea Agreement and Sentencing

On August 2, 2018, Judge Borman held a plea hearing. (ECF No. 39.) Defendant entered into a Fed. R. Crim. P. 11 plea agreement that same day. (ECF No. 24.) As the factual basis for the guilty plea states:

> Count 1: On or about December 18, 2017, at or near Detroit, Michigan, in the Eastern District of Michigan, Benedicto Galvez-Gomez, an alien who had previously been excluded, deported, and removed from the United States at or near Chicago, Illinois, on or about July 13, 2010, was found it the United States in Wayne County, Michigan. Prior to December 18, 2017, Galvez-Gomez did not obtain the express consent of the Attorney General of the United States or the

2

>  Secretary of the Department of Homeland Security to reapply for admission to the United States, all in violation of 8 U.S.C. § 1326(a).
>
>  Count 2: On or about December 18, 2017, in the Eastern District of Michigan, the defendant Benedicto Galvez-Gomez, knowingly and intentionally possessed with intent to distribute approximately 2.2 kilograms of a mixture and substance containing a detectible amount of cocaine, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

(*Id.*, PageID.63-64.) The agreement sets forth an "agreed guideline range," which explains that "defendant's guideline range is **60 months**," (*Id.*, PageID.64-65 (emphasis in original).) However, it also explains that, "[d]espite the 60-month guideline range, the parties agree to an **84 month sentence** in this case." (*Id.*, PageID.65 (emphasis in original).) Moreover, the plea agreement includes provisions on sentencing and a waiver of appeal. (*Id.*, PageID.66-67, 69.)

The sentencing enhancement information was withdrawn on November 20, 2018. (ECF No. 25.) Six days later, on November 26, 2018, the Court accepted the Rule 11 plea agreement. (ECF No. 40, PageID.166, 172.) On November 27, 2018, the Court entered judgment, which reflected a sentence of imprisonment for a total term of 84 months, concurrent, per count. (ECF No. 28, PageID.102.)

### C. Defendant's Appeal to the Sixth Circuit

In a handwritten letter addressed to Judge Borman and dated November 27, 2018, which Defendant appears to have mailed from the Midland County Jail, Defendant asserts that he received ineffective assistance of counsel from his

lawyer, presumably Attorney Schulman, "by not doing the best to my interest."

(ECF No. 31, PageID.110.)  Defendant further writes:

> As you know on two court [dates] we had he was late to both of them. I am asking to the mercy of the Court to allow me to defend myself properly with the help of a dif[f]erent attorney please if the Court can provide me one or even if I have to provide my own attorney if the Court do[es] accept my request to [appeal] my case.

(*Id*.)  Defendant's letter was docketed as a notice of appeal.  (*Id*.)

As it turns out, Attorney Schulman filed the December 8, 2018 notice of appeal (ECF No. 29).  On December 11, 2018, the Sixth Circuit informed Attorney Schulman that the appeal had been docketed as Case No. 18-2413.[1]  Attorney Schulman's appointment was extended.  He entered an appearance on December 20, 2018.  Ultimately, in January 2019, Attorney Schulman filed both an appellant's brief and a motion to withdraw as appellate counsel, each purportedly in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a notice that counsel has provided the defendant/appellant with a translated version of the appellate brief and motion to withdraw.  *See* Case No. 18-2413 (6th Cir.).  Thus, even if he eventually sought to withdraw, Attorney Schulman helped to bring Defendant's appeal before the Sixth Circuit.

---

[1] It appears that two appeals were docketed, and, on December 17, 2018, the Sixth Circuit dismissed Case No. 18-2412 as a duplicate of Case No. 18-2413.

On May 22, 2019, the Sixth Circuit granted counsel's motion to withdraw and affirmed the district court's judgment. (ECF No. 41.) The mandate issued on June 13, 2019. (ECF No. 42.)

### D.     Instant Motion

Defendant is presently incarcerated at the Federal Bureau of Prisons (FBOP) CI Moshannon Valley in Pennsylvania. *See* www.bop.gov, "Inmate Locator," (#22621-047). Currently before the Court is his December 18, 2018 *pro se* motion under 28 U.S.C. § 2255 to modify, correct, or set aside judgment. (ECF No. 35.) Defendant's sole ground for relief appears to be alleged ineffective assistance of counsel. (*Id.*, PageID.116-117.)[2]

On July 11, 2019, soon after the appellate mandate was issued (ECF No. 42), the Court entered an order requiring the Government to file a response on or before August 23, 2019 and providing Defendant until September 20, 2019 to file a reply. (ECF No. 43.) The Government filed a timely response. (ECF No. 44.)

To date, Galvez-Gomez has not filed a reply. The motion is ready for consideration and was referred to me for a report and recommendation on October 3, 2019. (ECF No. 45.)

---

[2] This interpretation is consistent with the plea hearing transcript, which reflects the Court's warning that "You waive your right to appeal on any ground except ineffective assistance of counsel. You understand that?" Defendant responded, "Yes, Your Honor." (ECF No. 39, PageID.151-152.)

5

### E.     Motions under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence

Defendant brings this two-page motion under 28 U.S.C. § 2255 to modify, correct or set aside the judgment entered by this Court on November 27, 2018. (ECF No. 28.) As the statute instructs:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C.A. § 2255(a). When such a motion is filed, "the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority." 28 U.S.C. § 2255(g).

### F.     Discussion

#### 1.     Defendant's ineffective assistance of counsel claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984).

Ineffective-assistance-of-counsel claims are governed by the Supreme Court's standard in *Strickland v. Washington,* 466 U.S. 668 (1984), including those "arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).[3] In

---

[3] The right to counsel and to effective assistance of counsel are guaranteed by the Sixth Amendment. *See Strickland*, 466 U.S. at 686 (("'[T]he right to counsel is the right to the effective assistance of counsel.'") (quoting *McMann v. Richardson,* 397 U.S. 759, 771, n. 14 (1970)); U.S. Const. amend. VI ("In all criminal

6

*Strickland*, the Court articulated a two-part test that must be satisfied before a party can prevail on an ineffective-assistance-of-counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. But the "court must 'indulge a strong presumption' that counsel's conduct was reasonable;" in other words, "judicial scrutiny must be highly deferential." *Nichols v. U.S.*, 563 F.3d 240, 249 (6th Cir. 2009).

Second, the movant must show that he was prejudiced by this deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. To satisfy this prejudice requirement in the guilty plea context, a "petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance that he *would have been acquitted.*" *Parris v. U.S.*, 2009 WL 454630, at *3 (E.D. Mich. Feb. 24, 2009) (emphasis added). Failure to make the required showing under either prong of the *Strickland* test defeats the petitioner's claim. *Strickland*, 466 U.S. at 688. *See also United States v. Williams*, No. 16-CR-20078, 2018 WL 7635136, at *5 (E.D. Mich. Nov. 13, 2018), *report and recommendation adopted*, No. 16-CR-20078, 2019 WL 1227999 (E.D. Mich. Mar. 15, 2019).

---

prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.").

### 2. Attorney Schulman represented Defendant in this matter from June 2018 through the November 2018 judgment and beyond.

Attorney Schulman entered his appearance on June 4, 2018 (ECF No. 21), and the record indicates that he: (a) was present at the July 19, 2018 status conference; (b) was present at the August 2, 2018 plea hearing (ECF No. 39); (c) filed the November 21, 2018 sentencing memorandum (ECF No. 27); (d) was present at the November 26, 2018 sentencing (ECF No. 40); and, (e) filed the December 8, 2018 notice of appeal (ECF No. 29).

Of particular importance to the issue currently before the Court is the August 2, 2018 plea hearing transcript. (ECF No. 39.) The hearing spanned approximately 1 hour and 24 minutes, which total included two breaks, each of which was to permit Defendant to meet with his attorney. (*Id.*, PageID.123, 139-140, 143, 159.) There was significant discussion involving the mandatory minimum of 10 years (120 months) and the possibility of life imprisonment with the Section 851 enhancement, the mandatory minimum of 5 years (60 months) without the sentencing enhancement, and the 7-year (84-month) agreed upon sentence. (*See id.*, PageID.127-137, 139-141, 144, 149-153.)

At one point, Attorney Schulman explained that he met with the Government and "discussed the possibility of a revised plea agreement." (ECF No. 39, PageID.126.) Defense counsel further explained:

> . . . at the time the plea agreement was a ten-year mandatory minimum and he was facing up to life in prison. We discussed a possible plea agreement. He would be pleading to a mandatory five-year offense with a sentencing agreement of seven years. So [it] went from ten years essentially to seven years.

(*Id*., PageID.126-127.) At numerous points, Defendant responded affirmatively when the Court asked him if he understood, including the Court's explanation (as confirmed by the Government) that, with the Section 851 enhancement (*i.e.*, without the plea agreement), "the ten-year mandatory minimum would apply . . . and the sentence, if he is convicted, could be anywhere from ten years to life." (*Id*., PageID.141; *see generally id*., PageID.139-142, 144-145, 147-153.) The Court found that, "given the last couple hours[,] . . . he understands what's going on very well and . . . he's capable of entering a knowing plea." (*Id*., PageID.146.) Also, Defendant answered, "yes," when Government counsel asked, "But you understand that we've agreed on 84 months, correct?" (*Id*., PageID.152.)

Thereafter, when asked by the Court if he was "[p]leading guilty freely and voluntarily because you are guilty[,]" Defendant responded, "Yes, Your Honor." (*Id*., PageID.154.) Moreover, the Court found that Defendant's pleas as to Counts I and II were "knowingly, freely and voluntarily made." (*Id*., PageID.155, 158.)

> **3. Defendant has not shown that Attorney Schulman's performance before this Court was deficient <u>and</u> prejudicial.**

9

In this motion, Defendant asks the Court to find that Attorney Schulman's assistance was ineffective. (ECF No. 35, PageID.116.) "The petitioner/defendant in a § 2255 motion has the burden of proving ineffective assistance." *United States v. Hamad*, No. 12-20667, 2019 WL 5549489, at *3 (E.D. Mich. Aug. 22, 2019) (Whalen, M.J.), *report and recommendation adopted*, No. CR 12-20667, 2019 WL 5550004 (E.D. Mich. Oct. 25, 2019) (Borman, J.) (citing *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005) ("Petitioners claiming ineffective assistance of counsel under *Strickland* have a heavy burden of proof.")).

Having considered Defendant's December 18, 2018 filing (ECF No. 35), the Undersigned concludes that Defendant has not met his burden. I preliminarily note Defendant's belief that Attorney Schulman did not spend the time needed on his case, *i.e.*, did not act in Defendant's best interest, or that defense counsel "failed to do the best he could on [Defendant's] case[.]" (ECF No. 35, PageID.116.) These claims are conclusory and without detail.

Nonetheless, some of Defendant's claims are more specific and merit further discussion.

          a.      **Asking for less than 84 months (*i.e.*, less than 7 years)**

Defendant claims that his counsel "never asked for any of the things . . . that he told me . . . he was going to do[,] like try to ask the Court to give me less time th[a]n 84 months[.]" (ECF No. 35, PageID.116.) Assuming, *arguendo*, that

10

defense counsel made such a statement, this issue was addressed at the plea hearing, at which Defendant, himself, raised the issues of his counsel asking for "less than seven" years and mistakenly referring to a "co-defendant." (ECF No. 39, PageID.134; *see also id.*, PageID.137-138.) Defense counsel explained that Defendant . . .

> . . . was absolutely clear on seven years is the plea and if he gets credits and those types of items, it could be less than seven. And I think that's where the confusion was. But I told him they were reducing his plea offer by 30 percent and I've also given him my very – the open discussion about the sentence of his case, and his reference to the co-defendant was because there was a female at a house and I think I may have mistermed her as a co-defendant, explained her – I didn't want to call her an informant. I called her a co-defendant.

(ECF No. 39, PageID.136.) Moreover, the Court noted that Attorney Schulman "got it down to seven years[,]" and, when Government counsel asked Defendant if he understood whether "the sentence of imprisonment in this case, assuming Judge Borman accepts it, will be 84 months[,]" Defendant responded, "Yes." (ECF No. 39, PageID.135, 152.)

### b.   Asking for 60 months (*i.e.*, 5 years)

Defendant claims counsel "had told me a few times that he was going to try to get me 60 months[.]" (ECF No. 35, PageID.116.) However, as noted above, the plea agreement explains that, "[d]espite the 60-month guideline range, the parties agree to an **84 month sentence** in this case. The defendant is eligible for a 21 U.S.C. § 851 enhancement, which—if applied—would create a mandatory

11

minimum 120-month sentence in this case." (ECF No. 24, PageID.65 (emphasis in original).) In essence, and as discussed at the August 2, 2018 plea hearing, the plea agreement, which contemplated the Government's dismissal of the Section 851 enhancement, avoided the ten-year mandatory minimum. (*See* ECF No. 24, PageID.66; ECF No. 39, PageID.127-130, 135, 141, 144, 149, 152.) It also avoided a life sentence maximum, which, although not expressly mentioned in the plea agreement, was extensively discussed on the record in Defendant's presence at the August 2, 2018 plea hearing. (*See* ECF No. 39, PageID.126-127, 130-133, 138-139, 141-142.)

Furthermore, as the Government points out, "there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial. It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). (ECF No. 44, PageID.189.)

### c. Failing to file motions

Defendant claims that, after he signed his plea – which occurred on August 2, 2018 (ECF No. 24, PageID.73) – his counsel "said . . . that he was going to file motions and he never did . . . ." (ECF No. 35, PageID.116.) As the Sixth Circuit has instructed, "[w]hen a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief.

12

Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (citing cases). Plaintiff's allegation lacks specificity.

Moreover, Attorney Schulman engaged in activities on Plaintiff's behalf post-plea agreement, such as filing the November 21, 2018 sentencing memorandum (ECF No. 27) and representing him at the November 26, 2018 sentencing (ECF No. 40). Thus, even if defense counsel did not file a post-August 2, 2018 motion with this Court, defense counsel certainly filed other matters. Additionally, as described in further detail above, Attorney Schulman helped to bring Defendant's appeal before the Sixth Circuit, even if he eventually sought to withdraw. *See* Case No. 18-2413 (6th Cir.).

### d.     Communicating

Defendant also challenges his counsel's truthfulness, preparedness, follow-up, contact, and communication, and Defendant claims that he and his counsel "did not understand each other[,] because [of] the difference of idiom[][,]" which the Undersigned interprets as a difference in native languages. (ECF No. 35, PageID.116-117.) These allegations also lack specificity.

Moreover, the transcript of the August 2, 2018 plea hearing suggests that defense counsel was truthful, prepared, and communicative, even if Defendant

claims his attorney "failed to answer [his] calls [and] failed to discuss [his] case . . . ." (ECF No. 35, PageID.116.) Among other things, Attorney Schulman:

- stated that, since he substituted in as defense counsel, he met with Defendant "about six times . . . [,]" and "also met with the government," (ECF No. 39, PageID.126; *see also id.*, PageID.129)

- stated that he saw Defendant "a couple times in [the] Livingston [County Jail] . . . [,]" (*id.*, PageID.158-159)

- addressed potential miscommunication and/or confusion about arguing for five years (perhaps complicated by discussion of the effect of "his credits and other good time" upon actual time served) and what defense counsel "explained to him" (*see id.*, PageID.127, 129, 136)

- expressed his concern that "there's a plea cutoff date of today, and I don't want him to misunderstand that even I might not be able to get him this deal tomorrow[,]" (*id.*, PageID.139.)

The plea hearing transcript also documents the Court's doubt that Attorney Schulman said "he was going to try and get you four [years][,]" and the Court made clear that it did not "have [the] discretion to sentence to less than five years[.]" (ECF No. 39, PageID.135, 138.)

Finally, the docket indicates that an interpreter was present at the July 19, 2018 status conference, the August 2, 2018 plea hearing, and the November 26, 2018 sentencing. (*See, e.g.*, ECF No. 39, Page ID.125-126; ECF No. 40, PageID.163-164.)

    **G.    Conclusion**

In sum, Defendant's brief 28 U.S.C. § 2255 motion (ECF No. 35) does not show that Attorney Schulman's performance was deficient or prejudicial, let alone both. *Strickland*, 466 U.S. at 688. Therefore, for the reasons stated above, the Court should **DENY** Defendant's December 18, 2018 motion under 28 U.S.C. § 2255 to modify, correct, or set aside the Court's November 27, 2018 judgment (ECF No. 28). (ECF No. 35.)

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

                                       s/*Anthony P. Patti*
                                       Anthony P. Patti
Dated: March 31, 2020          UNITED STATES MAGISTRATE JUDGE